## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ZOHAR III, CORP., et al., | : | Case No. 18-10512 (KBO) |
| | : | |
| Debtors. | : | Jointly Administered |
| _____ | : | |
| | : | |
| PATRIARCH PARTNERS MANAGEMENT | : | |
| GROUP, LLC, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 20-1419-MN |
| | : | |
| ZOHAR III, CORP., | : | |
| | : | |
| Appellee. | : | |

### **RECOMMENDATION**

At Wilmington this **9th** day of **November, 2020**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Pursuant to this court's order of October 23, 2020, the parties to this

appeal responded by a joint letter on November 6, 2020.[1]  A number of various motions/pleadings had been filed in the Bankruptcy Court.  The Bankruptcy Court conducted a hearing on Appellees' motion and related pleadings on September 14, 2020 and announced its ruling on the record of the hearing on October 14, 2020.  On October 15, 2020, the Bankruptcy Court entered an Order Determining Dispute Between the Debtors and the Patriarch Partners Management Services Relating to Pending Oasis Transaction.  Thereafter, Patriot Partners filed in the Bankruptcy Court a motion to stay the Order pending resolution of this appeal on October 16, 2020 and a notice of appeal of the Order on October 22, 2020.[2]  Following oral argument on Patriot Partners motion during a hearing on October 19, 2020, the Bankruptcy Court denied the motion for a stay pending appeal.

Prior to litigating this matter before the Bankruptcy Court, the parties met and conferred regarding a consensual resolution of the Motion and the issues raised on appeal.  Neither the parties' discussions nor the litigation have resolved the parties' underlying disagreement.

The parties request that should this matter be removed from mandatory mediation, that the following briefing schedule be entered:

| | |
|---|---|
| Appellant's Opening Brief | December 21, 2020 |
| Appellees' Answering Brief | Not later than 45 days after the filing of Appellant's Opening Brief |

---

[1] This joint letter was not docketed as instructed since it dealt with mediation, but was emailed to this judge and her judicial assistant.

[2] The transmittal of the Notice of Appeal was made to this court on October 23, 2020.

| | |
|---|---|
| Appellant's Reply Brief | Not later than 21 days after the filing of Appellees' Answering Brief |

      THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections to this Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, are anticipated because it is consistent with the parties' request.

      Local counsel are obligated to inform out-of-state counsel of this Order.

      /s/ Mary Pat Thynge
      Chief U.S. Magistrate Judge Mary Pat Thynge